1  CHARLES S. BIRENBAUM (SBN 107894)
   cbirenbaum@winston.com
2  WINSTON & STRAWN LLP
   101 California Street, Suite 3900
3  San Francisco, CA 94111
   (415) 591-1000
4  (415) 591-1400

5  EMILIE C. WOODHEAD (SBN 240464)
   ewoodhead@winston.com
6  MONIQUE NGO-BONNICI (SBN 241315)
   mbonnici@winston.com
7  ANNETTE SALAZAR-SHREIBATI (SBN 280769)
   ashreibati@winston.com
8  WINSTON & STRAWN LLP
   333 S. Grand Ave.
9  Los Angeles, California 90071
   Telephone: (213) 615-1700
10 Facsimile: (213) 615-1750

11 Attorneys for Defendant
   DESTINATION SHUTTLE SERVICES,
12 LLC

13

14

15               UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17 GERARDO AYALA, an individual and      )  Case No. _CV13-  6141 GAF (PJWx)
   on behalf of all others similarly situated, )
18                                         )  (LA County Superior Court
                                           )  Case No. BC 514469)
19              Plaintiff,                  )
                                           )  DEFENDANTS DESTINATION
20      v.                                  )  SHUTTLE SERVICES, LLC AND
                                           )  BARRETT BUSINESS SERVICES,
21                                         )  INC.'S REMOVAL OF CIVIL
                                           )  ACTION TO FEDERAL COURT
22 DESTINATION SHUTTLE SERVICES, )
   LLC; BARRETT BUSINESS          )
23 SERVICES, INC.; and DOES 1 through )
   50,                                     )  Complaint filed July 9, 2013
24                                         )
              Defendants.                   )
25                                         )
                                           )
26 _____ )

27

28

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LA:338364.2

WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

     PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1331, Defendants Destination Shuttle Services, LLC and Barrett Business Services, Inc. ("Defendants") hereby remove the above-captioned matter from the Superior Court of California in and for Los Angeles County, to this Court. In support of their request, Defendants state as follows:

## I.    **INTRODUCTION**

     1.    This case is hereby removed from state court to federal court because this court has original jurisdiction over this action pursuant to 28 U.S.C. 1441(c) and 1446. This notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. Section 1331 based upon the existence of a federal question as stated below.

## II.   **VENUE**

     2.    The action was filed in Superior Court for the State of California, County of Los Angeles. Venue therefore properly lies in the United State District Court for the Central District of California pursuant to 28 U.S.C. Sections 84(c), 1391(a), and 1441(a).

## III.   **THE STATE COURT ACTION IN THIS CASE**

     3.    On or about July 9, 2013, Plaintiff Gerardo Ayala ("Plaintiff") commenced a civil action in the Superior Court of California in and for Los Angeles County entitled *Gerardo Ayala v. Destination Shuttle Services, LLC and Barrett Shuttle Services, Inc.*, Case No. BC 514469. Defendant attaches hereto as Exhibit "A" a true and correct copy of the Complaint and as Exhibit "B" a true and correct copy of the Summons and Civil Case Cover Sheet. The Complaint seeks recovery of monetary damages and other relief against Defendants in connection with purported class claims for alleged: (1) failure to provide meal periods or premium wages in lieu thereof in violation of California Labor Code §226.7; (2) failure to provide rest

2

WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1   periods or premium wages in lieu thereof in violation of California Labor Code

2   §226.7; (3) failure to timely pay all earned wages at the end of employment in

3   violation of California Labor Code §§§ 201,  202 and 226.7; (4) failure to provide

4   accurate itemized wage statements in violation of California Labor Code § 226; and

5   (5) violations of California Business & Professions Code § 17200, *et seq.  See*

6   Complaint ¶¶ 17-46.

7        4.    Plaintiff Ayala attempts to assert these claims on behalf of himself and

8   "any and all persons who have been employed by Defendants as drivers in California

9   at any time from July 9, 2009 to the date of class certification, or as ordered by the

10  Court. "  *See* Complaint ¶ 8.

11  **IV.    JOINDER**

12       5.    Defendant Destination Shuttle Services, LLC certifies that Defendant

13  Barrett Business Services, Inc. has consented to joining in this notice of removal. *See*

14  *Proctor v. Vishay Intertechnology, Inc.* 584 F.3d 1208, 1224-1225 (9th Cir. 2009).

15  Attached as "Exhibit C" is a true and correct copy of Barrett Business Services, Inc.'s

16  written consent to join in this removal.

17  **V.     BASIS FOR FEDERAL JURISDICTION UNDER FEDERAL**

18  **QUESTION**

19       6.    This action is a civil action of which this court has original jurisdiction

20  under 28  U.S.C. Section 1331, and is one which may be removed to this court by

21  Defendant pursuant to the provisions of 28 U.S.C. Section 1441 in that the relief

22  sought in the complaint arises under and is preempted by Section 301 of the Labor

23  Management Relations Act (29 U.S.C. § 185) ("LMRA").

24       7.    This court has original jurisdiction over this action pursuant to Section

25  301 of the LMRA.  Section 301 (a) states: "Suits for violation of [collective

26  bargaining agreements] ... may be brought in any district court of the United States

27  having jurisdiction of the parties, without respect to the amount in controversy or

28  without regard to the citizenship of the parties."  The body of federal common law

3

LA:338364.2

WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  authorized under LMRA § 301 "completely" displaces state law claims arising out of

2  a collective bargaining agreement, and creates federal claims in their place upon

3  which federal removal jurisdiction may be based.  *Franchise Tax Board of State of*

4  *Calif. v. Construction Laborers Vacation Trust for Southern Calif.*, 463 US 1, 23, 103

5  S.Ct. 2841, 2854 (1983).

6      8.      Specifically, Section 301 preempts "claims founded directly on rights

7  created by collective bargaining agreements, and also claims which are substantially

8  dependent on analysis of a collective bargaining agreement."  *Paige v. Henry J Kaiser*

9  *Co.*, 826 F.2d 857, 861 (9th Cir. 1987) (citing *Caterpillar Inc. v. Williams*, 482 U.S.

10  386, 107 S. Ct. 2425,2431 (1987) cert. denied, 486 U.S. 1054, 108 S. Ct. 2819

11  (1988)).

12      9.      To determine whether Section 301 preempts Plaintiff's claims and those

13  of the members of the putative class he seeks to represent, the court must inquire

14  whether resolution of the state law claim requires the court to *construe* a provision of

15  the CBA: "In sum, we hold that an application of state law is preempted by § 301

16  ...*only if such application requires the interpretation of a collective bargaining*

17  *agreement.*" *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 US 399, 412, 108 S.Ct. at

18  1877, 1885 (1988) (emphasis added).  If evaluation of a claim is inextricably

19  intertwined with consideration of the terms of the labor contract, it is preempted and

20  may be removed to federal court.

21      10.      Preemption is determined by the substance of the claim, not its

22  characterization in the complaint. "Mere omission of reference to LMRA § 301 in the

23  complaint does not preclude federal subject matter jurisdiction." *Fristoe v. Reynolds*

24  *Afetals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1990).  Plaintiffs cannot defeat removal by

25  "artfully pleading" their claims and omitting reference to preemptive federal law; such

26  claims are preempted if their resolution require interpretation of the CBA.  In

27  rendering this analysis, the court may properly look beyond the face of the Complaint

28  to determine whether Section 301 claims apply.  *See Hyles v. Mensing, 849 F.2d 1213,*

WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1217 (9th Cir. 1988) (preemption of emotional distress claim based on employer's

failure to process plaintiff's grievance affirmed notwithstanding plaintiff's artful

omission of references to Section 301); and *Olguin v. Inspiration Consolidated*

*Copper Co.,* 740 F.2d 1468, 1472-74 (9th Cir. 1984) (Plaintiff's common law claim

for breach of personnel manual progressive discipline procedures preempted by

Section 301, despite Plaintiff's omission of section 301, because the manual could

only have binding effect if it was authorized and incorporated by reference in the

CBA).

    11.    When determining whether resolution of a state claim requires

interpretation of a collective bargaining agreement, the court must "examin[ e] the

terms of the agreement, the elements of the [claim] involved, and the facts which

defendant may assert in defense." *Moreau v. San Diego Transit Corp.*, 210

Cal.App.3d 614, 624 (1989), relying in part on *Hanks v. General Motors Corp.*, 859

F.2d 67, 70 (8th Cir. 1988) (Defendant's affirmative defenses must be considered in

determining whether the collective bargaining agreement must be interpreted in order

to resolve the state law claim).

12.    While the case is preempted under Section 301, state law strengthens the

argument for removal.  Under California Labor Code section 512( e), effective

January 1, 2011, California's statutory meal period requirement is inapplicable to

certain categories of employees, including those employed as commercial drivers, if

certain requirements are met.  Labor Code § 512(f)(2).  These requirements are that:

(1) the employee is covered by a valid collective bargaining agreement; and (2) the

valid collective bargaining agreement expressly provides for the wages, hours of

work, and working conditions of employees, and expressly provides for meal periods

for those employees, final and binding arbitration of disputes concerning application

of its meal period provisions, premium wage rates for all overtime hours worked, and

a regular hourly rate of pay of not less than 30 percent more than the state minimum

wage rate. Thus, as of January 1, 2011, statutory meal period requirements are no

LA:338364.2

WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1   longer non-waivable statutory rights that cannot be modified by a collective

2   bargaining agreement for commercial drivers.  Labor Code § 512(e) (superseding in

3   part *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1082 (9th Cir. 2005).

4       13.     Employees may by agreement be required to arbitrate claims before

5   commencing suit on any claim arising from their employment, including statutory

6   claims.  *See Mitsubishi Motors v. Soler Chrysler-Plymouth*, 473 U.S. 614, 627 (1985)

7   (holding that parties can agree to arbitrate statutory claims); *Chappel v. Laboratory*

8   *Corp. Of America*, 232 F.3d 719, 724 (9th Cir. 2000) (holding that plaintiff bringing

9   suit under the contractual terms of a benefit plan containing an arbitration clause was

10  barred from bringing suit under ERISA statutory claims prior to exhausting arbitration

11  remedy in benefit plan);  *Cicairos v. Summit Logistics, Inc.*, 133 Cal.App.4th 949,

12  952-53 (2005) (stating that parties can agree through a collective bargaining

13  agreement that alleged violations of statutory rights, including meal and rest periods,

14  be resolved through arbitration).

15      14.     Effective July 1, 2009, Defendant entered into a collective bargaining

16  agreement with the General Teamsters, Airline, Aerospace and Allied Employees,

17  Warehousemen, Drivers, Construction, Rock and Sand Local 986 ("Teamsters

18  Union"), which represents the hotel shuttle drivers.  (Declaration of Jose Amaya, ¶ 4,

19  Ex. 1)  The CBA covers all "drivers" employed by Defendant in its Hotel Shuttle

20  operations at the Los Angeles International Airport.  (Id. at Article I)  Effective July 1,

21  2012, Defendant entered into another collective bargaining agreement with the

22  Teamsters Union, which covers the same drivers.  (Amaya Decl., ¶¶ 5-6, Ex. 2 at

23  Article I)  At all relevant times to his employment with Defendant, Plaintiff was a

24  member of the bargaining unit represented by the Teamsters Union Local 986 and was

25  subject to the applicable CBAs for the relevant time period.  (Amaya Decl. at ¶ 7.)

26      15.     The putative class, including the named Plaintiff, which Plaintiff seeks to

27  represent and on whose behalf Plaintiff asserts claims, are drivers who at times

28  relevant to this action were members of the bargaining unit represented by the

LA:338364.2

Teamsters Union Local 986 and were, therefore subject to one or more of the foregoing CBAs.  (Id. at ¶7.)

16.    The CBAs' specific provisions and the parties' past practice, negotiation history, etc. show when employees are entitled to take meal and rest periods and the manner in which they are to be taken.  The CBAs state that management has the right to determine work schedules, which include rest break and meal times.  The CBAs also outline a comprehensive bidding and input process whereby drivers are able to bid on their shifts and schedules based on seniority.  The union shop steward and union designated drivers can offer input regarding the schedules to management and observe the scheduling process as well. DSS then sends the shift schedules with meal periods to the union before posting the schedule.  Thus, the CBAs expressly provide for a comprehensive and integrative process for determining meal and rest periods. [Amaya Decl., ¶8, Ex. 1 and 2, Article III (2)(e), Article VIII(3), Appendix D and E] Additionally, the CBAs set forth specific provisions addressing the drivers' hours of work, rates of pay and calculation of overtime premium pay. (Id. at ¶9, Ex. 1 and 2, Article IX, X, XI, Appendix A and F).  The CBAs also set forth a grievance and arbitration procedure available as the exclusive forum for resolution of disagreements or disputes concerning the application, meaning or interpretation of an express provision of the CBAs, the employment relationship between the Company and employee or any applicable City, County, State or Federal laws. (Id. at ¶10, Ex. 1 and 2, Article VI, VII).

17.    At all times since July 9, 2009, the California minimum wage has been $8.00.[1]  The CBAs set an hourly rate based on an employee's time with the company, health coverage preference, shift schedule, the living wage ordinance, and give management discretion to increase individual wage rates.  (Id. at ¶11, Ex. 1 and 2, Article IX and Appendix A).

_____

[1] Information regarding California's minimum wage available at: http://www.dir.ca.gov/iwc/minimumwagehistory.htm.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LA:338364.2

WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

18.    For a material portion of the of the time period at issue, Gerardo Ayala earned a regular hourly rate of more than 30% above the state's eight dollar minimum wage.  Specifically, at the time of his separation from DSS, Mr. Ayala was earning $10.45 per hour.  Further, the vast majority of Employees at DSS have been paid a regular hourly rate of pay of more than 30% above the state's eight dollar minimum wage rate.  (Amaya Decl., ¶ 12.)

19.    Labor Code section 512( g)(1) defines "commercial driver" as "an employee who operates a vehicle described in Section 260 or 462 of, or subdivision (b) of Section 15210 of, the Vehicle Code."  A vehicle requiring a commercial class B license is defined as a "commercial motor vehicle."  Vehicle Code §15210(b) .  Plaintiff Ayala and all other drivers in the putative class drive vehicles requiring a commercial class B license and therefore are "commercial drivers" as defined by Labor Code § 512.  (Amaya Decl., ¶ 13.)

20.    Accordingly, all requirements of Labor Code Section 512( e)'s exception to the application of meal period requirements are met in this case.  Therefore,  as of the enactment of Section 512(e), California's statutory meal period requirements were no longer non-waivable statutory rights which could not be modified by the applicable CBAs as to the covered drivers in the putative class.

21.    Plaintiff alleges causes of action under California statute for failure to provide meal periods or premium pay in lieu thereof and failure to provide rest breaks or premium pay in lieu thereof.  (Ex. A, ¶¶ 16-27 .) Derivative of these claims, Plaintiff alleges that Defendant: (1) failed to provide Plaintiff, and purported class members, with accurate itemized wage statements; (2) failed to promptly pay wages owed on termination of employment; and (3) engaged in unfair, fraudulent, and unlawful business practices.  (Ex. A, ¶¶ 28-46 .) Plaintiff asserts these causes of action on behalf of a purported class of "all persons who have been employed by Defendants as drivers in California at any time from July 9, 2009 to the date of class

LA:338364.2

1  certification…." and states that the purported class has "approximately 200 Class
2  members." (Ex. A, ¶ 8 .)

3      22.    To determine whether the foregoing CBAs must be interpreted to resolve
4  Plaintiff's claims such that Plaintiff's claims are preempted by the LMRA, the court
5  must examine the terms of the applicable CBAs, the elements of the claims involved
6  and the facts which Defendant may assert in defense.  This analysis reveals that the
7  Court can only resolve Plaintiff's claims, and the claims of those that he seeks to
8  represent, by referring to the terms of the CBAs because Plaintiff's claims for failure
9  to provide meal periods or premium pay, failure to provide rest break or premium pay,
10  as well as claims derivative of these claims, are inextricably intertwined with
11  interpretation of the terms of the CBAs. For instance, the CBAs must be interpreted to
12  determine:

    a.  Whether the named Plaintiff and purported class members are subject to one or more of the relevant collective bargaining agreements based upon the CBAs' definition of "employee" and the particular work performed;

    b.  Whether the employees the CBA covers are "commercial drivers" as defined by Labor Code 512 (g)(1).

    c.  Whether the CBAs are effective and applicable to the named Plaintiff and purported class members after the enactment of Labor Code Section 512(e) exempting commercial drivers from California's statutory meal period requirement;

    d.  Whether, to the extent effective after the enactment of Labor Code Section 512( e), the CBAs expressly provide for "the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay

of not less than 30 percent more than the state minimum wage rate," such that the exemption set forth in Labor Code Section 512( e) applies;

e.  Whether the CBAs provide Plaintiff, and the purported class, to any right to meal or rest period premium pay;

f.  Whether the named Plaintiff, and purported class members, were provided with meal and rest periods in accordance with the applicable CBA and whether those meal and rest period provisions were enforceable;

g.  Whether the parties expressly and specifically intended the exclusive grievance and arbitration dispute resolution procedure set forth in the applicable CBAs to apply to the statutory claims alleged by Plaintiff;

h.  Whether the exclusive grievance and arbitration dispute resolution procedures set forth in the applicable CBAs are enforceable; and

i.  Whether other aspects of the Union's representation under the CBA and the parties' application of the agreement, such as past practice as to meal and rest periods, grievance and arbitration history, and other aspects of the parties' relationship, determine the issues in the case.

j.  Whether the statutory wage and hour claims asserted by Plaintiff are barred by his failure to exhaust contractual arbitration procedures.

Thus, the resolution of Plaintiffs' meal period premium, rest period premium, and the resolution of all claims derivative thereof, depends upon the interpretation of one or more collective bargaining agreements.  As a result, these state law claims are "preempted" by Section 301 of the LMRA, and this matter is properly removable pursuant to 28 U.S.C. § 1441.  *See e.g., Levy v. Skywalker Sound*, 108 Cal.App.4th 753, 768-769 (2003) (holding that claim for unpaid wages under California Labor Code § 204 was preempted by Section 301 because it required interpretation of a CBA); *Firestone v. Southern Calif. Gas Co.,* 219 F.3d 1063, 1066 , 1066 (9th Cir. 2000) (Plaintiffs' statutory overtime claims were preempted by Section 301 of the

WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

10

1  LMRA when CBA contained formula for calculation of overtime rates which the

2  Court needed to interpret).

## VI.  SUPPLEMENTAL JURISDICTION

4      23.    To the extent that there are remaining claims for relief that do not arise

5  under Section 301 or are not completely preempted by Section 301, these claims are

6  within the supplemental jurisdiction of this Court under 29 U.S.C. Section 1367(a) in

7  that they are so related to the Section 301 claims that they form part of the same case

8  or controversy under Article III of the United States Constitution.  In the alternative,

9  any such other claims for relief are separate and independent claims which are

10  properly removable to this Court pursuant to 28 U.S.C. Section 1441(c). Thus, this

11  action is removable in its entirety.

## VII.  COMPLIANCE WITH STATUTORY REQUIREMENTS

13      24.    Pursuant to 28 U.S.C. § 1446(a), Defendant attaches hereto as Exhibit

14  "A" a true and correct copy of the Complaint and as Exhibit "B" a true and correct

15  copy of the Summons and Civil Case Cover Sheet.  These are the only process,

16  pleadings, or orders in the State Court's file that have been served on Defendant up to

17  the date of filing this Notice of Removal.

18      25.    In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with

19  this Court.  Pursuant to 28 U.S.C. § 1446(b), "a notice of removal may be filed within

20  thirty days after receipt by the defendant, through service or otherwise."  28 U.S.C. §

21  1446(b).  Defendant was served with Plaintiff's Complaint on July 22, 2013.

22  Accordingly, this Notice is timely.

23      26.    As required by 28 U.S.C. § 1446(d), Defendant will provide written

24  notice of the filing of this Notice of Removal to Plaintiffs' attorneys of record, Justian

25  Jusuf of the Law Office of Justian Jusuf, APC, and will promptly file a copy of this

26  Notice of Removal with the Clerk for the Superior Court of the State of California in

27  and for Los Angeles County.

28  ////

WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

WHEREFORE, Defendant respectfully requests that these proceedings, entitled *Gerardo Ayala. v. Destination Shuttle Services, LLC, et. al.*, as Case No. BC514469 now pending in the Superior Court of the State of California in and for Los Angeles County, be removed to this Court.

Dated:  August 21, 2013                    WINSTON & STRAWN LLP


By:   /s Charles S. Birenbaum
      Charles S. Birenbaum
      Monique Ngo-Bonnici
      Attorneys for Defendant
      DESTINATION SHUTTLE
      SERVICES, LLC

WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LA:338364.2

# EXHIBIT A

1
Justian Jusuf – State Bar No. 201507
2
**LAW OFFICE OF JUSTIAN JUSUF, APC**
17011 Beach Blvd., Suite 900
3
Huntington Beach, California 92647
Phone: (714) 274-9815
4
Fax:     (714) 362-3148

5
Attorney for Plaintiff GERARDO AYALA,
individually and on behalf of others similarly situated

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 0 9 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
        Shaunya Wooley

6

7

8
### SUPERIOR COURT OF THE STATE OF CALIFORNIA

9
### FOR THE COUNTY OF LOS ANGELES

10
GERARDO AYALA, individually and on
behalf of others similarly situated,
11

12
               Plaintiff,

13
        vs.

14
DESTINATION SHUTTLE SERVICES, LLC;
15
BARRETT BUSINESS SERVICES, INC.; and
DOES 1 through 50,
16

17
               Defendants.

18

19

20

21

22

| | |
|---|---|
| CASE NO.: | |
| CLASS ACTION | BC514469 |

Assigned For All Purposes To:
Judge:
Dept.:

**COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**

1.   Failure to Provide Meal Periods and Premium Wage in Lieu Thereof

2.   Failure to Provide Rest Periods and Premium Wage in Lieu Thereof

3.   Failure to Timely Pay All Wages Due Upon Termination of Employment

4.   Failure to Provide Accurate and Compliant Wage Statements

5.   Violation of Business & Professions Code § 17200, et seq.

23

24

25

26

27

28

COMPLAINT

1    Plaintiff GERARDO AYALA ("Plaintiff"), for himself and on behalf of all other similarly

2    situated current and former employees of Defendants DESTINATION SHUTTLE SERVICES,

3    LLC; BARRETT BUSINESS SERVICES, INC.; and DOES 1 through 50 ("Defendants"), alleges

4    as follows:

5                           **GENERAL ALLEGATIONS**

6         1.    Defendants are in the business of providing shuttle services to hotels and other

7    commercial facilities in California and other states.  To provide these services, Defendants employ

8    approximately 100 drivers who are (and were during the relevant period) paid on an hourly basis.

9    Defendants failed to provide meal and rest breaks to its drivers in California in accordance with

10   the requirements provided in the California Industrial Welfare Commission's Wage Order 9, and

11   failed to pay each of them an hour's pay for each day the compliant meal or rest break(s) was not

12   provided.  Defendants willfully failed to furnished their drivers with accurate and compliant wage

13   statements. The wage statements furnished by Defendants failed to show premium wages earned

14   by the employees due to Defendants' failure to provide meal or rest periods in accordance with

15   Wage Order 9, and those statements failed to show the beginning dates of the periods covered by

16   the paychecks.  Defendants failed to timely pay all earned wages to its drivers in California at the

17   end of employment.

18        2.    Plaintiff brings this action to seek class-wide recovery of unpaid wages, waiting

19   time penalties, statutory damages, and other relief resulting from Defendants' failure to provide

20   meal and rest breaks in accordance with Wage Order 9, failure to provide accurate and compliant

21   wage statements, and failure to timely pay all wages due at the end of employment.

22                                **PARTIES**

23        3.    Plaintiff GERARDO AYALA was employed by Defendants as a driver and worked

24   in County of Los Angeles, State of California from approximately 2006 to December 23, 2012,

25   when he was discharged by Defendants.

26        4.    Defendant DESTINATION SHUTTLE SERVICES, LLC is a business

27   organization, form unknown.

28        5.    Defendant BARRETT BUSINESS SERVICES, INC. is a business organization,

1   form unknown.

2        6.    Plaintiff is unaware of the true names, capacities, relationships, and extent of

3   participation in the conduct alleged herein, of the defendants sued as DOES 1 through 50, but is

4   informed and believes and thereon alleges that said defendants are legally responsible for the

5   wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.

6   Plaintiff will seek leave to amend this complaint when their true names and capacities are

7   ascertained.

8        7.    Each defendant, directly or indirectly, or through agents or other persons, employed

9   Plaintiff and other members of the class, and exercised control over their wages, hours, and

10  working conditions.  Each defendant acted in all respects pertinent to this action as the agent of the

11  other defendants, carried out a joint scheme, business plan or policy in all respects pertinent

12  hereto, and the acts of each defendant are legally attributable to the other defendants.

13  **CLASS ACTION ALLEGATIONS**

14       8.    Plaintiff brings this action on behalf of himself and all others similarly situated

15  current and former employees of Defendants as a class action pursuant to Section 382 of the Code

16  of Civil Procedure.  Plaintiff seeks to represent a Class of current and former employees, currently

17  defined as follows:

18       **Any and all persons who have been employed by Defendants as drivers in California**

19       **at any time from July 9, 2009 to the date of class certification, or as ordered by the**

20       **Court.**

21       9.    Plaintiff reserves the right under California Rule of Court 3.765(b) and other

22  applicable law to amend or modify the class definitions with respect to issues or in any other

23  ways.  Plaintiff is a member of and the named representative of the Class.

24       10.    There is a well-defined community of interest in the litigation and the proposed

25  Class is ascertainable from Defendants' records.

26       11.    <u>Numerosity</u>.  The members of the Class are so numerous that individual joinder of

27  all of them as plaintiffs is impracticable.  While the exact number of the Class members is

28  unknown to Plaintiff at this time, Plaintiff estimates there are approximately 200 Class members.

1    12.    Commonality.  Common questions of law and fact exist as to all Class members

2 and predominate over any questions that affect only individual members of the Class.  These

3 common questions include, but are not limited to:

4           a)    Whether Defendants engaged in a pattern and/or practice of failing to

5                 provide meal periods in accordance with Wage Order 9 and failing to pay

6                 the additional hour's pay in lieu thereof to Plaintiff and other members of

7                 the Class.

8           b)    Whether Defendants engaged in a pattern and/or practice of failing to

9                 provide rest periods in accordance with Wage Order 9 and failing to pay the

10                additional hour's pay in lieu thereof to Plaintiff and other members of the

11                Class.

12          c)    Whether Defendants have any policy or procedure for paying wages due

13                under Labor Code § 226.7.

14          d)    Whether Defendants failed to provide compliant and accurate wage

15                statements required by Labor Code § 226(a).

16          e)    Whether Defendants violated Labor Code §§ 201 and/or 202 by not paying

17                final pay checks at the time of discharge to discharged employees and

18                employees who quit after giving a three-day notice, or within 72 hours of

19                quitting as to employees who quit without a prior notice.  If so, whether

20                these violations were "willful" within the meaning of Labor Code § 203.

21          f)    Whether Defendants violated the Unfair Competition Law, Business &

22                Professions Code § 17200, et seq., by engaging in the conduct alleged in

23                this complaint.

24          g)    Whether injunctive relief is appropriate to ensure Defendants' compliance

25                with the requirements of the Labor Code with respect to members of the

26                Class who are still currently employed by Defendants.

27    13.    Typicality.  Plaintiff's claims are typical of the claims of the other members of the

28 Class.  The claims asserted by Plaintiff can be asserted by members of the Class.

14.   <u>Adequacy</u>.  Plaintiff will adequately and fairly protect the interests of the members of the Class.  Plaintiff has no interest adverse to the interests of absent Class members.  Plaintiff is represented by attorneys who have substantial class action experience in wage-and-hour laws.

15.   <u>Superiority</u>.  A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  The damages suffered by each Class member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to seek and obtain individual relief.  A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them.  Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS AS REQUIRED BY LAW

### (Class Action By the Class Against All Defendants)

16.   Plaintiff incorporates the preceding paragraphs.

17.   At all relevant times, Plaintiff and all other members of the Class were employees of Defendants covered by Labor Code § 226.7 and Wage Order 9.

18.   Section 11 of Wage Order 5 provides, among other things:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

> (B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

19.     Labor Code § 226.7(b) provides: "If an employee fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period is not provided."

20.     Defendants regularly failed to provide meal periods in accordance with Wage Order 9 to Plaintiff and other members of the Class, and failed to pay each of them an additional hour's pay every day Defendants failed to provide such meal period(s).

21.     As a result of Defendants' failure to comply with their obligations under the Wage Order, Plaintiff and other members of the Class have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for Defendants' failure to provide meal periods as required by the law.  Pursuant to Labor Code § 218, Plaintiff and other members of the Class are entitled to recover the full amount of their unpaid additional pay for Defendants' failure to provide meal periods as required by law.  Pursuant to Labor Code § 218.6, Plaintiff and other members of the Class are entitled to recover prejudgment interest on the amount of the additional pay owed.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS AS REQUIRED BY LAW

#### (Class Action By the Class Against All Defendants)

22.     Plaintiff incorporates the preceding paragraphs.

23.     At all relevant times, Plaintiff and all other members of the Class were employees of Defendants covered by Labor Code § 226.7 and Wage Order 9 of the California Industrial Welfare Commission.

24.     Section 12 of Wage Order 5 provides, among other things:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

25.     Labor Code § 226.7(b) provides: "If an employee fails to provide an employee a

1  meal period or rest period in accordance with an applicable order of the Industrial Welfare

2  Commission, the employer shall pay the employee one additional hour of pay at the employee's

3  regular rate of compensation for each work day that the meal period or rest period is not

4  provided."

5       26.    Defendants failed to provide rest periods in accordance with Wage Order 9, and

6  failed to pay each employee an additional hour's pay every day Defendants failed to provide such

7  rest period(s).

8       27.    As a result of Defendants' failure to comply with their obligations under the Labor

9  Code and Wage Order 9, Plaintiff and other members of the Class have suffered damages in an

10  amount, subject to proof, to the extent they were not paid additional pay owed for Defendants'

11  failure to provide rest periods as required by the law.  Pursuant to Labor Code § 218, Plaintiff and

12  other members of the Class are entitled to recover the full amount of their unpaid additional pay

13  for Defendants' failure to provide rest periods as required by law.  Pursuant to Labor Code §

14  218.6, Plaintiff and other members of the Class are entitled to recover prejudgment interest on the

15  amount of the additional pay owed.

16                          **THIRD CAUSE OF ACTION**

17  **FAILURE TO TIMEY PAY ALL EARNED WAGES AT THE END OF EMPLOYMENT**

18        **(Class Action Former-Employee Class Members Against All Defendants)**

19       28.    Plaintiff incorporates the preceding paragraphs.

20       29.    Labor Code § 201 provides, in pertinent part: "If an employer discharges an

21  employee, the wages earned and unpaid at the time of discharge are due and payable

22  immediately."

23       30.    Labor Code § 202 provides, in pertinent part: "If an employee . . . quits his or her

24  employment, his or her wages shall become due and payable not later than 72 hours thereafter,

25  unless the employee has given 72 hours previous notice of his or her intention to quit, in which

26  case the employee is entitled to his or her wages at the time of quitting."

27       31.    Labor Code § 203 provides, in pertinent part: "If an employer willfully fails to pay .

28  . . in accordance with Sections 201 [and] 202 . . . , any wages of an employee who is discharged or

1  quits, the wages of the employee shall continue as a penalty from the due date thereof at the same

2  rate until paid or until an action therefor is commenced; but the wages shall not continue for more

3  than 30 days." It further provides that "Suit may be filed for these penalties at any time before the

4  expiration of the statute of limitations on an action for the wages from which the penalties arise."

5       32.    Plaintiff was discharged by Defendants on December 23, 2012, but Defendants

6  willfully failed to issue the final pay check at the time of discharge. Defendants similarly willfully

7  failed to issue final paychecks to other Class members who are no longer employed by Defendants

8  within the timeframe prescribed by Labor Code §§ 201 and 202.

9       33.    Defendants willfully failed to include in the final pay checks all wages earned and

10  unpaid, including but not limited to unpaid wages for failure to provide meal or rest periods as

11  required by Labor Code § 226.7 and Wage Order 9.

12       34.    Pursuant to Labor Code § 203, Plaintiff and other members of the Class who are no

13  longer employed by Defendants are entitled to the monies due under Labor Code § 203.

14       35.    As a result of Defendants' willful failure to pay wages upon termination of

15  employment, and in a timely manner, Plaintiff and other members of the Class who are no longer

16  employed by Defendants are entitled to their unpaid wages and an additional one day of wages up

17  to a maximum of 30 days under Labor Code § 203.

18  **FOURTH CAUSE OF ACTION**

19  **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

20  **(Class Action By the Class Against All Defendants)**

21       36.    Plaintiff incorporates the preceding paragraphs.

22       37.    Labor Code § 226(a) provides, in pertinent part: "Every employer shall,

23  semimonthly or at the time of each payment of wages, furnish each of his or her employees . . . an

24  accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by

25  the employee . . . , (5) net wages earned, (6) the inclusive dates of the period for which the

26  employee is paid, (7) the name of the employee and only the last four digits of his or her social

27  security number or an employee identification number other than a social security number, (8) the

28  name and address of the legal entity that is the employer . . . , and (9) all applicable hourly rates in

1  effect during the pay period and the corresponding number of hours worked at each hourly rate by

2  the employee . . . ."

3      38.    Defendants knowingly and intentionally failed to furnish Plaintiff and other

4  members of the Class accurate wage statements that comply with Labor Code § 226(a).  The wage

5  statements furnished by Defendants failed to show the premium wages due the employees for the

6  lack of meal or rest periods in accordance with Wage Order 9, and failed to show the beginning

7  dates of the pay periods covered by the pay checks.

8      39.    Labor Code § 226(e)(1) provides: "An employee suffering injury as a result of a

9  knowing and intentional failure by an employer to comply with subdivision (a) is entitled to

10  recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a

11  violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent

12  pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to

13  an award of costs and reasonable attorney's fees."

14      40.    As a result of Defendants' knowing and intentional failure to furnish itemized wage

15  statements that comply with Labor Code § 226(a), Plaintiff and other members of the Wage

16  Statement Sub-Class are entitled to recover the greater of their actual damages or statutory

17  damages, and reasonable attorney's fees and costs, pursuant to Labor Code § 226(e).

18                          **FIFTH CAUSE OF ACTION**

19      **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, ET SEQ.**

20              **(Class Action By the Class Against All Defendants)**

21      41.    Plaintiff incorporates the preceding paragraphs.

22      42.    The unlawful conduct of Defendants alleged herein constitutes unfair competition

23  within the meaning of Business & Professions Code § 17200, et seq. Due to their unlawful and

24  unfair business practices in violation of the Labor Code, Defendants have gained a competitive

25  advantage over other comparable companies doing business in the State of California that comply

26  with their obligations to properly pay employees for all earned wages as required by law.

27      43.    As a result of Defendants' unfair competition as alleged herein, Plaintiffs and other

28  members of the Class have suffered injury in fact and lost money or property.  Plaintiffs and other

1    members of the Class have been deprived of their rights to wages due as alleged herein.

2         44.    Pursuant to Business & Professions Code § 17203, Plaintiffs and other members of

3    the Class are entitled to restitution of all wages and other monies owed and belonging to them,

4    including interest thereon, that Defendant wrongfully withheld from them and retained for itself by

5    means of its unlawful and unfair business practices.

6         45.    Pursuant to Business & Professions Code § 17203, Plaintiffs and other members of

7    the Class are entitled to an injunctive relief to prevent the continuance of Defendants' unlawful

8    and unfair business practices.

9         46.    Plaintiff and other members of the Class are entitled to recover reasonable

10   attorneys' fees pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine,

11   and/or the common fund doctrine.

12   **PRAYER**

13       WHEREFORE, Plaintiffs on behalf of themselves and all others similarly situated, pray for

14   relief and judgment against Defendants, jointly and severally, as follows:

15       A.    For certification of this action as a class action;

16       B.    For appointment of Plaintiff as the representative of the Class;

17       C.    For appointment of counsel for Plaintiff as Class counsel;

18       D.    For unpaid wages for Defendants' failure to provide meal periods;

19       E.    For unpaid wages for Defendants' failure to provide rest periods;

20       F.    For restitutions of moneys wrongfully withheld;

21       G.    For waiting time penalties under Labor Code § 203;

22       H.    For statutory damages under Labor Code § 226(e) and (f);

23       I.    For prejudgment interest;

24       J.    For injunctive relief;

25       K.    For reasonable attorneys' fees under Labor Code § 1194 and Code of Civil

26            Procedure § 1021.5;

27   ///

28   ///

1    L.      For costs of suit; and

2    M.      For such other relief the Court deems just and proper.

3    Dated: July 9, 2013                          LAW OFFICE OF JUSTIAN JUSUF, APC

4                                                 By: _____

5                                                      Justian Jusuf
                                                  Attorneys for Plaintiff JUAN
6                                                 AYAPANTECALT CAMACHO,
                                                  individually and on behalf of others similarly
7                                                 situated

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

NAD
H/D

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DESTINATION SHUTTLE SERVICES, LLC;
BARRET BUSINESS SERVICES, INC. and DOES 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GERARDO AYALA, individually and on behalf of others similarly
situated



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 09 2013

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
Shaunya Wesley

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):*  Los Angeles County Superior Court | CASE NUMBER: *(Número del Caso):* |
|---|---|
| 600 South Commonwealth Avenue  Los Angeles, CA 90005 | BC514469 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Office of Justian Jusuf, 17011 Beach Blvd, Ste 900, Huntington Beach, CA 92647 - Phone 714-274-9815

| DATE: *(Fecha)* JUL 09 2013 | Clerk, by *(Secretario)* Shaunya Wesley | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*:  DESTINATION SHUTTLE SERVICES, LLC

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other *(specify)*:  LLC
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Justian Jusuf (State Bar No. 201507)
LAW OFFICE OF JUSTIAN JUSUF, APC
17011 Beach Blvd., Suite 900
Huntington Beach, CA 92647
TELEPHONE NO.: (714) 274-9815    FAX NO.: (714) 362-3148
ATTORNEY FOR *(Name)*: Plaintiff Gerardo Ayala

**CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES**

JUL 09 2013

John A. Clarke, Executive Officer/Clerk
BY _____ Shaunya Wesley, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 600 South Commonwealth Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90005
BRANCH NAME: Central Civil West Courthouse

CASE NAME:
Ayala v. Destination Shuttle Services, LLC, et al.

CASE NUMBER: **BC514469**

| CIVIL CASE COVER SHEET | Complex Case Designation | JUDGE: |
|---|---|---|
| [✓] Unlimited   [ ] Limited | [ ] Counter  [ ] Joinder | DEPT: |

(Amount demanded exceeds $25,000) / (Amount demanded is $25,000 or less)  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary b.[✓] nonmonetary; declaratory or injunctive relief c.[ ] punitive
4. Number of causes of action *(specify)*: Failure to pay wages for all hours worked and other wage claims
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 9, 2013
Justian Jusuf
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: Ayala v. Destination Shuttle Services, LLC, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.**  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL _____ ☐ HOURS/ ☐ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: | Ayala v. Destination Shuttle Services, LLC, et al. | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Ayala v. Destination Shuttle Services, LLC, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: Ayala v. Destination Shuttle Services, LLC, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>8939 Sepulveda Blvd., Suites 1110-1031<br>Los Angeles, CA 90045 |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90045 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Central Civil West_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _July 9, 2013_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

# EXHIBIT C

1   DAVID I. DALBY SBN: 114750
    HINSHAW & CULBERTSON LLP
2   One California Street, 18th Floor
    San Francisco, CA 94111
3   Telephone:    415-362-6000
    Facsimile:    415-834-9070
4
    Attorneys for Defendant
5   BARRETT BUSINESS SERVICES, INC.

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10                 (CENTRAL CIVIL WEST COURTHOUSE)

11  GERARDO AYALA, individually and on     )  Case No.  BC 514469
    behalf of others similarly situated    )
12                                          )  Assigned for all purposes to:
                    Plaintiff,              )  Judge: Hon. Kenneth R. Freeman
13                                          )  Dept. 310
            vs.                             )
14                                          )  CONSENT TO REMOVAL
    DESTINATION SHUTTLE SERVICES, LLC;      )
15  BARRETT BUSINESS SERVICES, INC. and     )
    DOES 1-50,                              )  Complaint Filed:    July 9, 2013
16                                          )
                    Defendants.             )
17                                          )
                                            )
18

    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
19
            Please take notice that by and through its counsel, defendant Barrett Business Services, Inc.,
20
    hereby consents to the removal of this case to the United States District Court, Central District of
21
    California.
22
    DATED:  August 19, 2013              HINSHAW & CULBERTSON LLP
23

24

25                                        DAVID I. DALBY
                                          Attorneys for Defendant
26                                        BARRETT BUSINESS SERVICES, INC.

27

28
                                            1
    CONSENT TO REMOVAL TO UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
                                       BC 514469

                                                                          3269541  0906000

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Gary A. Feess_____ and the assigned Magistrate Judge is _____Patrick J. Walsh_____ .

The case number on all documents filed with the Court should read as follows:

## 2:13CV6141GAF PJWx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____August 21, 2013_____
Date

By  J.Prado_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Gerardo Ayala

**DEFENDANTS**
Destination Shuttle Services, LLC and Barrett Business Services, Inc.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Justian Jusuf
Law Office of Justian Jusuf, APC
17011 Beach Blvd. Suite 900, Huntington Beach, CA 92647, (714)274-9815

Attorneys (If Known)
Charles S. Birenbaum, Emilie C. Woodhead, Annette Salazar-Shreibati
WINSTON & STRAWN LLP
101 California Street, Suite 3900, San Francisco, CA 94111, (415) 591-1000
333 S. Grand Ave, 38th Floor, Los Angeles, CA 90071, (213) 615-1700

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No ☑ MONEY DEMANDED IN COMPLAINT: $ unspecified in Complaint

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1331; 28 U.S.C. § 1441; and 28 U.S.C. § 1446.  Plaintiff alleges violations of state wage and hour laws preempted by § 301 of the LMRA.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☑ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV13- 6141

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX.  VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Gerardo Ayala is a resident of Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Destination Shuttle Services, LLC - Los Angeles County<br>Barrett Business Services, Inc. - Los Angeles County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date August 21, 2013

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |